# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **PENN VIRGINIA OPERATING COMPANY, LLC, ET AL.,** | ) ) ) Case No. 2:06CV00062 |
| Plaintiffs, | ) ) |
| | ) **OPINION AND ORDER** |
| v. | ) ) |
| | ) By: James P. Jones |
| **EQUITABLE PRODUCTION COMPANY,** | ) Chief United States District Judge ) ) |
| Defendant. | ) ) |

*Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Plaintiff Penn Virginia Operating Company, LLC; Robert F. Moorman, Reed Smith LLP, Richmond, Virginia, and James N.L. Humphreys, Hunter, Smith & Davis LLP, for Defendant.*

The plaintiffs Penn Virginia Operating Company, LLC ("PVOC") and A&G Coal Corporation ("A&G") filed this action in the Circuit Court of Wise County, Virginia, seeking an order compelling arbitration of a dispute involving an oil and gas lease, as well as injunctive relief pending and following the arbitration. The defendant Equitable Production Company ("Equitable") timely removed the case to this court, based on diversity of citizenship. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp. 2006). PVOC has moved to remand the case to state court on the ground that there is not diversity of citizenship between it and Equitable. In response to that motion, Equitable has filed a Motion for Leave to Conduct Discovery on

Jurisdictional Issues and for Other Relief, which motion has been briefed and is ripe for decision.

PVOC claims to be the successor lessor of the oil and gas lease in question in the case. While Equitable initially questioned the citizenship of PVOC, it now concedes that it is properly deemed a citizen of Pennsylvania, the same state of which Equitable is a citizen. However, Equitable contends that PVOC is not the real party in interest and thus its citizenship must be disregarded. The other plaintiff, A&G, is a citizen of Virginia, and if PVOC's citizenship is disregarded, there would be complete diversity between the parties, a prerequisite to jurisdiction.

Equitable's argument is based on a variation of the "fraudulent joinder" doctrine, although fraudulent joinder of a defendant is more commonly asserted. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903-04 (N.D. Iowa 2000). Absent evidence of actual fraud, the defendant must show that there is no possibility that the nondiverse plaintiff could establish a cause of action or at most is only a formal or nominal party. *See id.*

According to Equitable, the issue is whether PVOC is in fact the successor lessor. The original lessor of the lease in question, which is dated October 1, 1972, was Penn Virginia Corporation. PVOC asserts that Penn Virginia Corporation transferred its real estate assets to Penn Virginia Resources Company in 1978, and in

1994 Penn Virginia Resources Company conveyed the property to Penn Virginia Coal Company, which, in 2001, was merged into PVOC.

Equitable contends that documents that it has reviewed concerning the 1994 transaction show "prima facie inconsistenc[ies]" that justify limited discovery on this issue. After careful review of the parties' contentions and the documents supplied to the court, I disagree. The 1994 deed clearly conveys the property in question to Penn Virginia Coal Company and the records of the Virginia State Corporation Commission, also supplied to the court, leave no doubt that PVOC is the surviving entity.

Jurisdictional discovery, that is, discovery concerning facts upon which the court's jurisdiction is based, is within a district court's discretion to grant or deny. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003). While it is certainly possible that there are secret documents or other undisclosed evidence that might impeach PVOC's assertions, that appears highly unlikely based on the present record. I find that discovery would be an unnecessary burden on the parties and the prompt resolution of the Motion to Remand. *See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Alumium Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

- 3 -

Case 2:06-cv-00062-JPJ-PMS   Document 21   Filed 12/22/06   Page 3 of 4   Pageid#: 404

For these reasons, it is **ORDERED** that the Motion for Leave to Conduct Discovery on Jurisdictional Issues and for Other Relief (13) is DENIED. Unless a party advises the court no later than January 2, 2007, that the party desires a hearing or to make other submissions on the Motion to Remand, the court will proceed to determine the Motion to Remand without further hearing or submission.

ENTER: December 22, 2006

/s/ JAMES P. JONES
Chief United States District Judge